IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

WILLIAM E. MURPHY )
)
v. ) NO. 1:11-0052
)
MARSHALL COUNTY BOARD OF )
EDUCATION )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered July 12, 2011 (Docket Entry No. 6), the Court referred this action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. §§ 636(b) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the Defendant's Motion for Summary Judgment (Docket Entry No. 18), to which the Plaintiff has not filed a response in opposition.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] The Plaintiff filed two "objections" (Docket Entry Nos. 23 and 24) to the motion for summary judgment. By Order entered March 6, 2012 (Docket Entry No. 28), the Court found that the two filings did not substantively respond to the motion for summary judgment but that the Plaintiff sought to stay a ruling pending resolution of his attempt to obtain certain documents through the issuance of subpoenas. The Court found that the Plaintiff had not shown the necessity of the documents in order to respond to the summary judgment motion and gave the Plaintiff a deadline of April 6, 2012, to respond to the pending motion.

# I. BACKGROUND

The Plaintiff filed this action pro se and in forma pauperis on June 29, 2011, against the Marshall County Board of Education ("Board of Education"). The Plaintiff, a black male who was 72 years of age at the time of the events at issue, brings his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), alleging "race, sex, age, and disability discrimination." See Complaint (Docket Entry No. 1), at 1. Although the complaint does not clearly set out supporting factual allegations, in his charge of discrimination filed with the Equal Employment Opportunity Commission (" EEOC") on March 29, 2011, the Plaintiff states that he applied for the position of a "Teacher Assistant (Guidance)" with the Marshall County School System on August 19, 2009, and was interviewed for the position, but that a younger, less qualified black female who was already working in the school system was hired. Id. at 6. Subsequent to the Defendant's answer (Docket Entry No. 19), the Plaintiff filed an amendment to his complaint expounding upon the allegations set out in his complaint. See Docket Entry No. 13.

# II. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Defendant argues that it is entitled to summary judgment in the action because the plaintiff's complaint was not timely filed within 90 days of his receipt of the right-to-sue letter from the EEOC and is thus time barred. The Defendant further argues that the undisputed facts show that the Plaintiff cannot carry his burden of production or persuasion for his employment discrimination claims because there were legitimate non-discriminatory reasons for the decision to not hire him for the position. Namely, the decision makers for the Board of Education thought that the person who was ultimately hired had better qualifications than the plaintiff for the position and was a better candidate.

In support of its motion, the Defendant relies upon the undated Declaration of Roy Dukes (Docket Entry No. 25-1) and Jason Sorrells (Docket Entry No. 22), the Director of Schools for the Board of Education and the former Principal at the Marshall County High School, respectively.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving

party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting its claims. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## IV. ANALYSIS

A. The Plaintiff's Claims

The Plaintiff alleges in his Complaint that the Defendant committed "race, sex, age, and disability discrimination," see Complaint (Docket Entry No. 1), at 1, but he does not specifically assert a claim under either the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., or the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq. Given the Plaintiff's pro se status, the Court will nonetheless liberally construe his Complaint to assert a claim

under the ADEA because his allegations can plausibly be read to assert a claim based on age discrimination. However, neither the Complaint nor the accompanying exhibits contain any factual allegations whatsoever regarding a disability or even any factual allegations that could be liberally construed as supporting a claim of disability discrimination. Accordingly, to the extent that the Plaintiff seeks to assert a disability claim under the ADA, any such claim warrants dismissal for failure to state a claim upon which relief can be granted.

B. Timeliness of the Action

A plaintiff bringing claims under Title VII or the ADEA must ordinarily file his lawsuit within 90 days after receiving the right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); Seay v. Tennessee Valley Auth., 339 F.3d 454, 469 (6th Cir. 2003); Peete v. American Standard Graphic, 885 F.2d 331, 331-32 (6th Cir. 1989). The Plaintiff asserts in his complaint that he received the right-to-sue letter on March 29, 2011. See Complaint at 1. This statement is somewhat perplexing because the right-to-sue letter attached to the Complaint is dated March 29, 2011, id. at 4, and because the Plaintiff's motion for the appointment of counsel in this action contains the statement "March 29, 2011 - date mailed" as his response to the question of when the right-to-sue letter was received. See Docket Entry No. 3, at 1. However, the Plaintiff failed to respond to the Defendant's motion and clarify the date on which he received the right-to-sue letter despite the fact that the Defendant clearly relied on the Plaintiff's statement in his Complaint that he received the right-to-sue letter on March 29, 2011, as the triggering date for its untimeliness argument. Accordingly, in the absence of any affirmative evidence from the Plaintiff on the issue, the Court views March 29, 2011, as the date on which the Plaintiff received the right-to-sue letter.

5

The 90 day period within which the Plaintiff must have filed his lawsuit ended on June 27, 2011.[2] However, the instant action was not filed until June 29, 2011, which is beyond this time limit. Thus, the Plaintiff's complaint is untimely and should be dismissed. A lawsuit is subject to dismissal as untimely, even if filed only a few days late, regardless of the resulting hardship to the plaintiff. See Graham–Humphreys v. Memphis Brooks Museum of Art. Inc., 209 F.3d 552, 561 (6th Cir. 2000); Peete v. American Standard Graphic, 885 F.2d 331, 331-32 (6th Cir. 1989); Adams v. Noble, 137 F.Supp.2d 1054, 1058 (S.D.Ohio 2001); McKibben v. Hamilton Cnty., 2000 WL 761879 (6th Cir. May 30, 2000) (untimely complaint not excused by plaintiff's one day miscalculation of the 90 day filing deadline).

Federal courts must strictly enforce the 90 day limit absent circumstances justifying equitable tolling. See Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); Graham-Humphreys, 209 F.3d at 557; Minnis v. McDonnell Douglas Technical Servs. Co., 162 F.Supp.2d 718, 729 (E.D. Mich. 2001). Typically, equitable tolling is available only when a litigant's failure to meet a legally-mandated deadline, such as statute of limitations, unavoidably arose from circumstances beyond that litigant's control. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); Baldwin Cnty. Welcome Ctr., 466 U.S. at 151. Absent compelling equitable circumstances, a court should not extend a statute of limitations by even a single day. Graham-Humphreys, 209 F.3d at 561. See also Bilyeu v. Metro Gov't of Nashville and Davidson Cnty., No. 3:09-0909 (J. Sharp). The Plaintiff has not argued, let alone shown, that equitable tolling should apply to his case and excuse the late filing of his complaint.

---

[2] Although the Defendant indicates that June 28, 2011, was the 90th day after the Plaintiff's receipt of the right-to-sue letter, the Court calculates June 27, 2011, to be the 90th day.

C. The Merits of the Plaintiff's Claims

Irrespective of the untimeliness of the Plaintiff's Complaint, the action warrants dismissal because the Plaintiff has not shown a sufficient factual basis supporting his discrimination claims which warrants submission of his claims to a jury.

The Plaintiff has not presented any direct evidence[3] in support of his claims that he was not hired because of his race, sex, or age. Accordingly, his claims are analyzed under the burden shifting analysis set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), which allocates the burden of production for employment discrimination claims proven by indirect evidence. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (applying McDonnell Douglas in ADEA case); Johnston v. O'Neill, 130 Fed. Appx. 1, 7, 2005 WL 1027554, *5 (6th Cir. May 3, 2005). The Plaintiff must first establish a prima facie case of discrimination under this framework to create a rebuttable presumption of unlawful discrimination. The burden then shifts to the Defendant to articulate a legitimate nondiscriminatory reason for the challenged action. Burdine, 450 U.S. at 254-56. Upon the Defendant's proffer of a legitimate non-discriminatory reason, the burden shifts back to the Plaintiff to demonstrate that the proffered reason is pretextual, masking intentional discrimination. Dews v. A.B. Dick Co., 231 F.3d 1016, 1021 (6th Cir. 2000). Throughout the burden-shifting analysis, the ultimate burden of persuading the trier of fact that Defendant intentionally discriminated against the

---

[3] Direct evidence of discrimination "does not require a factfinder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of the protected group." Johnson v. Kroger Co., 319 F.3d 858, 865 (6th Cir. 2003). No such evidence has been presented by the Plaintiff.

Plaintiff remains at all times with the Plaintiff. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 517-18, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); DiCarlo v. Potter, 358 F.3d 408, 415 (6th Cir. 2004).

Even if the Court assumes for the purposes of analyzing the summary judgment motion that the Plaintiff satisfies his burden of showing a prima facie case,[4] he has offered no evidence rebutting the Defendant's proffer of a legitimate non-discriminatory reason for the decision not to hire him for the position. The Defendant has set forth admissible evidence in the form of the Declarations of Roy Dukes and Jason Sorrells showing that the Defendant believed that the applicant hired for the position was a better candidate than the Plaintiff because of her higher level of education, her computer proficiency, and her interview with Mr. Sorrells and the guidance counselor with whom she would be working. This explanation is facially legitimate and non-discriminatory and satisfies the Defendant's burden to articulate a reason for its decision.

To succeed on his claims, the Plaintiff must demonstrate that this proffered reason is not credible and was pretext for unlawful discrimination. See Jones v. Potter, 488 F.3d 397, 406 (6th Cir. 2007); Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir. 2003). Ultimately, the Plaintiff must set forth admissible evidence from which a jury could reasonably reject the Defendant's explanation for the hiring decision. See Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 268 (6th Cir. 2010); Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1083 (6th Cir. 1994).

---

[4] It is undisputed that the person ultimately hired for the position at issue was a black female. Accordingly, the Plaintiff cannot satisfy a prima facie case for a racial discrimination claim, which requires that he show that the job was filled by someone outside the protected class. See Alexander v. Ohio State Univ. Coll. of Soc. Work, 429 Fed.Appx. 481, 487, 2011 WL 2535277, * 4 (6th Cir. June 28, 2011).

The Plaintiff has not responded in opposition to the motion for summary judgment and has not offered any evidence to rebut the Defendant's proffered legitimate non-discriminatory reason for the decision not to hire him. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). It is not the Court's duty to sift through the record to find facts or arguments which support the Plaintiff's case. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). It is the Plaintiff's responsibility to "identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." Amini v. Oberlin Coll., 440 F.3d 350, 357 (6th Cir. 2006). The Plaintiff has failed to satisfy this burden. Summary judgment should be granted to the Defendant because there is a complete lack of evidence in the record upon which a reasonable jury could find in favor of the Plaintiff on his claims.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion for Summary Judgment filed by the Marshall County Board of Education (Docket Entry No. 18) be GRANTED and this action be DISMISSED WITH PREJUDICE;

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must

state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,


        JULIET GRIFFIN
        United States Magistrate Judge